HARDY, Judge.
This is a suit by husband and wife for the recovery of damages, for personal injuries sustained by the wife and medical expenses of the husband, allegedly resulting from an automobile collision. After trial there was judgment in favor of defendants rejecting plaintiffs’ demands, from which plaintiffs prosecute this appeal.
The accident occurred about 9:00 A.M. on January 1, 1953, at the intersection of Hollywood and Southern Avenues in the City of Shreveport, at which intersection a traffic control signal is operated. Plaintiff wife was a passenger in a Plymouth automobile owned and driven by one John D. Lafayette, and was sitting on the front seat between Lafayette and his wife. The Lafayette automobile was proceeding north on Southern Avenue and collided with a Buick automobile driven by the defendant, Morris, at a .point approximately 8 feet from the east curb line of Southern Avenue and some 15 feet south of the north line of Hollywood Avenue. Morris was proceeding on Hollywood in a westerly direction across the intersection.
The issues are purely factual and involve the usual conflict of testimony between the witnesses for the' interested parties. The principal factual issues upon which the case turns are concerned with the right-of-way indicated by the signal light and the speed of the vehicles involved. Plaintiffs contend that defendant was driving at an excessive rate of speed, without keeping a proper lookout, and entered the intersection against the red traffic light, which at the time was displayed to traffic proceeding on Hollywood Avenue. The resolution of these charges, of course, determines the question as to the existence of negligence on the part of defendant. On behalf of plaintiffs the three occupants of the Lafayette automobile were tendered as witnesses and the testimony of these witnesses is almost identical to the effect that the Plymouth car was being driven at a speed of approximately 30 miles per hour, which speed was decreased as time was given for the change of the signal light from red to green controlling traffic on Southern Avenue; that just before reaching the intersection the light changed to green and the driver proceeded to enter the intersection, where the car was struck broadside on its right by the Morris vehicle.
On the other hand the defendant Morris, a colored man, testified that the light controlling traffic on Plollywood changed from red to green as he approached within a *486 short distance of the intersection and that he proceeded thereinto; that as he entered the intersection he observed the Plymouth automobile, traveling at an excessive rate of speed, bearing down upon him, whereupon he forcibly applied his brakes, bringing his car to a stop, and was struck in the area of the left front of the automobile.
In view of the direct conflict of this testimony the observed physical facts which have been quite clearly established in the record by the testimony of other witnesses are of the utmost importance. The damages to the vehicles appear to establish the point of collision as having been the left front of defendant’s Buick and the right side and rear of the Plymouth, which fact is indicative of what is commonly known as a "sideswiping” collision. After the impact the Plymouth skidded across Southern Avenue, striking another automobile which was headed south on Southern Avenue and which was at a complete stop while awaiting a change in the signal light. After this contact the Plymouth car turned over upon its side and skidded northeastwardly down Southern Avenue for a distance of something more than 70 feet, where it careened over the east curb, was jolted into an upright position, and, finally, came to a stop.
The testimony of two police officers of the Shreveport Police Department, who appeared at the scene of the accident within a very brief time after its occurrence, is convincing as to the physical circumstances above related.
Possibly the most credible, important and persuasive testimony in the case is found in the deposition of a Mrs. Dorothy R. Smith of Grand Island, Nebraska, who was a passenger, en route to the Municipal airport, in the southbound Cadillac automobile which was stopped at the intersection and which was struck, as above related, by the Plymouth automobile. Mrs. Smith was the only disinterested eyewitness to the collision. According to the testimony of this witness the Cadillac automobile had been brought to a stop on Southern Avenue awaiting the change of the signal on Southern Avenue from red to green. The witness observed the Lafayette and Morris automobiles and her testimony is very clear on the point that defendant, driving at a normal rate of speed, entered the intersection on the green light signal and was sideswiped by the Lafayette car which was moving very rapidly across the intersection in the face of a red light.
We think the testimony of Mrs. Smith is more than satisfactorily substantiated by the physical circumstances surrounding the accident, which lead to the obvious conclusion that Lafayette drove his car at a most excessive rate of speed into the intersection against the red light signal. Unquestionably this was the proximate and sole cause of the collision, and the same reasons indicate conclusively the defendant’s freedom from any negligence whatsoever.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.